

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-18-00225-CV**

**IN THE INTEREST OF L.L., A CHILD**

**From the 21st District Court**
**Burleson County, Texas**
**Trial Court No. 28908**

**MEMORANDUM OPINION**

Appellant, F.L., challenges the trial court's order terminating her parental rights

to her child, L.L., following a jury trial. Appellant's appointed appellate counsel has filed

an *Anders* brief, asserting that he has diligently reviewed the record and that, in his

opinion, the appeal is frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct.

1396, 18 L. Ed. 493 (1967); *see In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002,

order) (applying *Anders* to termination appeals).

## I.  *ANDERS* BRIEF

Pursuant to *Anders*, appellant's court-appointed appellate counsel has filed a brief

and a motion to withdraw with this Court, stating that his review of the record yielded

no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed her of her right to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

has passed, and appellant has not filed a pro se response.[2]  *See In re Schulman*, 252 S.W.3d at 409.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs

---

[2] In his amended *Anders* brief, appellate counsel has informed this Court that he has:

(1) informed Appellant of this *Anders* brief and provided her with a copy of same;

(2) informed Appellant of her right to file a *pro se* response and of her right to review the appellate record, should she wish to do so, prior to filing that response;

(3) informed Appellant of her *pro se* right to seek discretionary review should the court of appeals declare her appeal frivolous;

(4) informed Appellant of my duty to take concrete measures to initiate and facilitate the process of actuating her right to review the appellate record, if that is what she wishes; [and]

(5) provided Appellant with a *Motion for Pro se Access to Appellate Record* lacking only Appellant's signature and the date, and provided the mailing address for the Court, to be filed within ten days to timely effectuate that right.

We have not received a request from appellant regarding the record.  Given the above and appellant's failure to file a pro se response, we have fair assurance that appellate counsel has complied with *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### III.    CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.  In addition, we remind appellant's appointed appellate counsel that if appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016(2) (West Supp. 2018).

AL SCOGGINS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed November 28, 2018
[CV06]

