

IN THE
TENTH COURT OF APPEALS

No. 10-19-00165-CV

IN THE INTEREST OF R.P., A CHILD

From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-18-48388

MEMORANDUM OPINION

Appellant, M.A., challenges the trial court's order terminating her parental rights

to her child, R.P., following a bench trial. Appellant's appointed appellate counsel has

filed an *Anders* brief, asserting that he has diligently reviewed the record and that, in his

opinion, the appeal is frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct.

1396, 18 L. Ed. 493 (1967); *see In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002,

order) (applying *Anders* to termination appeals).

I.      *ANDERS* BRIEF

Pursuant to *Anders*, appellant's court-appointed appellate counsel has filed a brief

and a motion to withdraw with this Court, stating that his review of the record yielded

no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed her of her right to file a pro se response.[1] *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

has passed, and appellant has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

## III.   CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. In addition, we remind appellant's appointed appellate counsel that if appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531,

---

[2] In a notice attached to his *Anders* brief, appellate counsel indicated that a "copy of the appellate record has already been delivered to Appellant." Based on this assertion and the fact that appellant has not argued that she failed to receive a copy of the record, we have fair assurance that appellate counsel has complied with *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016(2) (West 2019).


                               JOHN E. NEILL
                               Justice

Before Chief Justice Gray,
       Justice Davis, and
       Justice Neill
Affirmed
Opinion delivered and filed August 28, 2019
[CV06]

