

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00167-CV

## IN THE INTEREST OF O.S.S. AND L.L.S., CHILDREN

**From the 52nd District Court
Coryell County, Texas
Trial Court No. DC-17-46965**

## MEMORANDUM OPINION

After Appellant's parental rights to her children, O.S.S. and L.L.S., were terminated following a bench trial,[1] Appellant's appointed appellate counsel filed a notice of appeal.[2] Appellant's counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), (N), and (O) and that termination was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of the children's father were also terminated, but he has not appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and the appellate record on Appellant; and (3) informed Appellant of her right to review the record and to file a *pro se* response.[3] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408-09. Appellant has not filed a *pro se* response and has not raised any arguable issues.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486

---

[3] The Texas Court of Criminal Appeals has held that "'the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, order)).

U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's order of termination. We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed November 6, 2019
[CV06]

---

[4] We note that counsel reviewed the sufficiency of the evidence for ground E and determined it was frivolous to attack that finding. We agree. *See In re N.G.*, 577 S.W.3d 230 (Tex. 2019).