

**IN THE**
**TENTH COURT OF APPEALS**

---

**No. 10-19-00221-CV**

**IN THE INTEREST OF J.N.C., A CHILD**

---

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. CV416-18CCL**

---

**MEMORANDUM OPINION**

---

After Appellant's parental rights to her child, J.C., were terminated following a jury trial,[1] Appellant's appointed appellate counsel filed a notice of appeal.[2]  Appellant's counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

---

[1] Pursuant to the jury's finding, the trial court signed an order of termination, finding by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), (N), (O), and (Q) and that termination was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of the child's father were also terminated, but he has not appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief, motion to withdraw, and appellate record on Appellant; and (3) informed Appellant of her right to review the record and to file a *pro se* response.[3] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408-09. Appellant has not filed a *pro se* response and has not raised any arguable issues.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486

---

[3] The Texas Court of Criminal Appeals has held that "'the *pro se* response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, order) (per curiam)).

U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.[4] *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the trial court's order of termination.

We deny counsel's motion to withdraw in accordance with *In re G.P.*, 503 S.W.3d 531, 534-36 (Tex. App.—Waco 2016, pet. denied). If Appellant, after consulting with counsel, desires to file a petition for review, Appellant's appellate counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam); *see also* TEX. FAM. CODE ANN. § 107.016.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed December 18, 2019
[CV06]



---

[4] In this proceeding, Appellant did not challenge Family Code subsections 161.001(b)(1)(D) or (E). Therefore, the Texas Supreme Court's recent decision in *In re N.G.*, 577 S.W.3d 230 (Tex. 2019), does not require us to review those grounds for termination. *See In re E.K.*, No. 10-19-00070-CV, 2019 WL 3489132 (Tex. App.—Waco Jul. 31, 2019, pet. filed) (mem. op.).