

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00224-CV

## IN THE INTEREST OF J.J.M., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2018-248-3**

## MEMORANDUM OPINION

After appellant's parental rights to her child, J.J.M., were terminated following a bench trial,[1] appellant's appointed appellate counsel filed a notice of appeal.[2]  Appellant's counsel has now filed an *Anders* brief.  Counsel asserts that he has diligently reviewed the record and that, in his opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, no pet.) (*per curiam*) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders*; it presents a professional

---

[1]The trial court found by clear and convincing evidence that appellant had violated Family Code subsections 161.001(b)(1)(D), (E), (N) and (O) and that termination was in the child's best interest.  See TEX. FAM. CODE ANN. § 161.001(b).

[2] J.J.M.'s father voluntarily relinquished his parental rights, and he has not appealed.

evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on Appellant; and (3) informed Appellant of her right to obtain a copy of the record and of her right to file a *pro se* response.[3] *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 409 n.23.

Appellant has filed a pro se response to the A*nders* brief and asserts that there are issues that should be addressed on appeal. Although provided the opportunity, neither the Texas Department of Family and Protective Services, represented by the District Attorney for McLennan County, Texas, nor the ad litem have filed a reply to appellant's pro se response. The brief filed by appellant's attorney specifically notes that the record is sufficient to support termination under Ground O. In her pro se response, appellant challenges the sufficiency of all of the grounds found by the trial court to support

---

[3] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, order)).

termination.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349-50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Both legal and factual sufficiency reviews in termination cases must take into consideration whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the petitioner bears the burden of proof. *In re J.F.C.*, 96 S.W.3d 256, 264–68 (Tex. 2002) (discussing legal sufficiency review); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002) (discussing factual sufficiency review).

> In a legal sufficiency review, a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. To give appropriate deference to the factfinder's conclusions and the role of a court conducting a legal sufficiency review, looking at the evidence in the light most favorable to the judgment means that a reviewing court must assume that the factfinder resolved disputed facts in favor of its finding if a reasonable factfinder could do so. A corollary to this

requirement is that a court should disregard all evidence that a reasonable factfinder could have disbelieved or found to have been incredible.

*J.F.C.*, 96 S.W.3d at 266.

In a factual sufficiency review, a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. *Id.*

[T]he inquiry must be "whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." A court of appeals should consider whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding. If, in light of the entire record, the disputed evidence that a reasonable factfinder could not have credited in favor of the finding is so significant that a factfinder could not reasonably have formed a firm belief or conviction, then the evidence is factually insufficient.

*Id.* (footnotes and citations omitted); *see In re C.H.*, 89 S.W.2d at 25.

The record reflects that J.J.M. first came to the Department's attention in January 2018 when appellant was hospitalized in Waco after being picked up by the Waco police. Appellant, while accompanied by J.J.M., abandoned her car on a bridge and took J.J.M. to the lobby of a local hotel. Appellant left her purse and her cell phone in the still-running car. Appellant was transferred to a psychiatric facility due to her mental state, and J.J.M. was placed in the custody of his grandfather. J.J.M. was eventually placed in foster care. Appellant already had a case with the Department in relation to her older son, who aged out of Department supervision while the present case was proceeding. Appellant's older son experienced mental challenges from birth and as the result of a traumatic brain injury. The older son had a history of violence against J.J.M.

Shortly after J.J.M. was placed in the Department's custody, appellant moved to Alabama with her fiancé, L.G. Appellant's oldest son also moved to Alabama to live with them after he was released from incarceration.

Prior to the move to Alabama, appellant had separated from L.G. around Christmas of 2017. Appellant and J.J.M. were homeless, although there were local relatives and programs that could have assisted them. Between the time of her hospitalization in January 2018 and the move to Alabama, Appellant was admitted to another psychiatric facility, to MHMR, and lived with friends and in homeless shelters. Appellant reported that she elected to remain homeless and stay in shelters with J.J.M. because they were not safe at home with L.G. At the time of the termination hearing, appellant did not have sufficient income to support herself or her children without L.G.'s assistance.

In her pro se response, appellant notes that she has returned to Texas and is now employed. Appellant's response does not dispute the following: (1) appellant did not feel safe with L.G., and L.G. hurt J.J.M.; (2) appellant's oldest son also hurt J.J.M.; and (3) appellant has not continued psychiatric or psychological treatment or medication for her mental disorders. Appellant's response also does not indicate that she is no longer living with L.G. or her oldest son or that she is currently in psychological treatment or is compliant with her medication. Appellant told the case worker early in this case that her solution for her psychological problems was to self-medicate with marijuana.

Appellant additionally asserts that she was unable to attend the termination proceeding on April 16 because she was again hospitalized for psychological reasons.

Although the trial court denied the request for a continuance filed by appellant's attorney, the termination hearing was recessed for a month to enable appellant to attend. The trial court noted: "Why don't we start the hearing today? We probably won't finish the hearing today. We'll give Mom an opportunity to be here." Appellant offers no explanation for her failure to attend the conclusion of the termination hearing on May 15.

One of the foster parents testified at the termination hearing and indicated that J.J.M. suffered anxiety when a telephone call with his mother was planned. J.J.M. would also experience instances of bed wetting on the nights of the telephone calls. J.J.M. told the foster parent that he had been hit when living with his mother and his older brother, and that he had been exposed to pornography. The foster parent testified that J.J.M. is happy in the foster home and that the foster parents would like to adopt him.

The evidence is legally and factually sufficient to support the trial court's determination by clear and convincing evidence that termination was appropriate on each of the identified grounds under § 161.001(b) and that it was in the best interest of J.J.M. Accordingly, we affirm the trial court's order of termination.

We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.

REX D. DAVIS
Justice

Before Chief Justice Gray,*
      Justice Davis, and
      Justice Neill
      *(Chief Justice Gray concurs in the Court's judgment. A separate opinion will not issue.)
Affirmed
Opinion delivered and filed December 18, 2019
[CV06]

