

IN THE
TENTH COURT OF APPEALS

No. 10-20-00204-CV

IN THE INTEREST OF
T.R. AND K.B., CHILDREN

From the 361st District Court
Brazos County, Texas
Trial Court No. 19-000929-CV-361

MEMORANDUM  OPINION

Appellant T.R., Sr. challenges the trial court's order appointing the Department of Family and Protective Services as permanent managing conservator of his child, T.R.[1] T.R., Sr., who is incarcerated in the Texas Department of Criminal Justice, Institutional Division, requested that his mother be appointed temporary or permanent possessory or managing conservator.  Appellant's appointed appellate counsel filed an *Anders* brief, asserting that he has diligently reviewed the record and that, in his opinion, the appeal is frivolous.  *See generally Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 493 (1967);

---

[1] The case is captioned in the "Interest of T.R. and K.B., Children."  T.R. and K.B. share a mother but have different fathers.  This appeal involves only T.R. and his father, T.R., Sr.

*see also In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeals). Because we could not determine from the brief whether counsel had notified T.R., Sr. of his pro se rights, we requested that counsel do so. Counsel responded that he provided a copy of the *Anders* brief to T.R., Sr., informed T.R., Sr. of his right to review the record and file a response, and informed T.R., Sr. that he would be entitled to have counsel file a petition for review in the Texas Supreme Court if the trial court's judgment was affirmed by this court. We then notified T.R., Sr. that he had the right to file a pro se response to the *Anders* brief and that he should do so within thirty days or file a motion requesting an extension of time. T.R., Sr. responded and requested additional time to file a response and also noted that he had not received a copy of the record. We requested counsel provide a copy of the record to T.R., Sr. and granted T.R., Sr.'s request for an extension of time. T.R., Sr. was notified that his response to the *Anders* brief must be filed on or before December 4, 2020. Counsel notified this Court that he sent a copy of the record to T.R., Sr. As of the date of this Memorandum Opinion, T.R., Sr. has not filed a response to the *Anders* brief.

## *I. Anders Brief*

Pursuant to *Anders*, appellant's court-appointed appellate counsel has filed a brief stating that his review of the record yielded no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must

provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief on appellant; and (3) provided appellant with a copy of the record and informed him of his right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response. *Id*. at 409.

## II. *Independent Review*

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

### *III. Conclusion*

Based on the foregoing, we affirm the judgment of the trial court. In addition, we remind appellant's appointed appellate counsel that if appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); see also TEX. FAM. CODE ANN. § 107.016(2).

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Judgment affirmed
Opinion delivered and filed December 30, 2020
[CV06]

