

# IN THE
# TENTH COURT OF APPEALS

## No. 10-20-00235-CV

## IN THE INTEREST OF R.E.Y., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-2280-3**

## MEMORANDUM OPINION

Appellant, R.M.Y., challenges the trial court's order terminating his parental rights

to his child, R.E.Y. Appellant's appointed appellate counsel has filed an *Anders* brief,

asserting that he has diligently reviewed the record and that, in his opinion, the appeal is

frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493

(1967); *see In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders*

to termination appeals).

### I. ANDERS BRIEF

Pursuant to *Anders*, appellant's court-appointed appellate counsel has filed a brief

and a motion to withdraw with this Court, stating that his review of the record yielded

no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*, as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed him of his right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant has filed a pro se response in this appeal.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record, counsel's brief, and appellant's pro se response and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"); *Stafford*, 813 S.W.2d at 509.

### III.    CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. In addition, we remind appellant's appointed counsel that if appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016. Moreover, we deny counsel's motion to withdraw and appellant's pro se motion to abate this appeal to file an out-of-time motion for new trial.[1] *See In re P.M.*, 520 S.W.3d at 27-28; *In re G.P.*, 503

---

[1] Because of an apparent tension, we question the viability of the *Anders* process as applied to appeals involving the termination of parental rights. *See In re G.P.*, 503 S.W.3d 531, 534-36 (Tex. App.—Waco 2016, pet. denied) (describing, in more detail, the *Anders* process as applied to termination appeals). The Texas Court of Criminal Appeals has stated that: "An *Anders* brief may not be filed without a motion to withdraw, as the sole purpose of an *Anders* brief is to explain and support the motion to withdraw." *In re Schulman*, 252 S.W.3d 403, 404 (Tex. Crim. App. 2008); *see Anders v. California*, 386 U.S. 738, 744, 86 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Allison v. State*, No. 10-19-00375-CR, ___ S.W.3d ___, 2020 Tex. App. LEXIS 8160, at *3 (Tex. App.—Waco Oct. 14, 2020, order). However, as referenced above, section

S.W.3d at 535 ("Because appellate counsel's duty extends beyond this Court's decision, we will not require the filing of a motion to withdraw to be filed contemporaneously with the *Anders* brief in termination of parental rights proceedings unless counsel believes good cause exists for the withdrawal for reasons other than the filing of the *Anders* brief."); *see also* TEX. FAM. CODE ANN. § 107.016.


JOHN E. NEILL
Justice

---

107.016 of the Texas Family Code requires an attorney ad litem for a parent to continue to represent the parent until the earliest of: (1) "the date the suit affecting the parent-child relationship is dismissed"; (2) "the date all appeals in relation to any final order terminating parental rights are exhausted or waived"; or (3) "the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by a court on the record." TEX. FAM. CODE ANN. § 107.016. In a case such as this, an attorney ad litem appointed for a parent has a duty to continue representing the parent until all appeals are exhausted, including appeals to this Court and the Texas Supreme Court. *See id.* Therefore, the filing of a motion to withdraw in this Court is meaningless and cannot be granted because the terminated parent may still wish to file an appeal with the Texas Supreme Court. *See In re G.P.*, 503 S.W.3d at 535-36. In such an instance, the *Anders* brief does not explain and support a motion to withdraw, though that is what is required under *Anders*. *See Anders*, 386 U.S. at 744, 86 S. Ct. at 1400 ("Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."); *In re Schulman*, 252 S.W.3d at 404; *see also Allison*, 2020 Tex. App. LEXIS 8160, at *3.

Furthermore, this brief analysis does not even take into consideration the fact that the Texas Supreme Court requires appellate courts to "show our work" when a predicate ground under section 161.001(b)(1)(D) or (E) is involved, which, in effect, could convert what was filed as an *Anders* appeal in a termination case involving (D) and/or (E) predicate grounds into a full-blown decision on the merits outside the context of *Anders*. *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019). It is worth noting, however, that this Court has not yet applied this requirement to *Anders*-based termination appeals. *See id.*; *see also In re E.K.*, 594 S.W.3d 435, 435 (Tex. App.—Waco 2019, pet. denied) (see concurring note).

Before Chief Justice Gray
      Justice Davis, and
      Justice Neill
(Chief Justice Gray concurring with a note)*
Affirmed; motions denied
Opinion delivered and filed December 30, 2020
[CV06]

*(Chief Justice Gray concurs in the Court's opinion and judgment, but does not join footnote one to the opinion. A separate opinion will not issue.)

