

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-20-00295-CV**

**IN THE INTEREST OF K.I., A CHILD**

**From the 74th District Court**
**McLennan County, Texas**
**Trial Court No. 2020-134-3**

**MEMORANDUM OPINION**

Appellant, S.B., challenges the trial court's order terminating her parental rights to her child, K.I. Appellant's appointed appellate counsel has filed an *Anders* brief, asserting that he has diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See generally Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *see In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeals).

### I. *ANDERS* BRIEF

Pursuant to *Anders*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded

no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders*, as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a copy of the record and informed her of her right to file a pro se response. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S.

75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1"); *Stafford*, 813 S.W.2d at 509.

## III.  CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. In addition, we remind appellant's appointed counsel that if appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016. Moreover, we deny counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d at 27-28; *In re G.P.*, 503 S.W.3d at 535 ("Because appellate counsel's duty extends beyond this Court's decision, we will not require the filing of a motion to withdraw to be filed contemporaneously with the *Anders* brief in termination of parental rights proceedings unless counsel believes good cause exists for the withdrawal for reasons other than the filing of the *Anders* brief."); *see also* TEX. FAM. CODE ANN. § 107.016.

JOHN E. NEILL
Justice

Before Chief Justice Gray
     Justice Johnson, and
     Justice Neill
Affirmed; motion denied
Opinion delivered and filed January 27, 2021
[CV06]

