

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00131-CV

## IN THE INTEREST OF E.Z.G., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2019-2789-3**

## MEMORANDUM OPINION

After Appellant's parental rights to her child, E.Z.G., were terminated following a bench trial,[1] Appellant's appointed appellate counsel filed a notice of appeal.[2] Appellant's counsel has now filed an *Anders* brief, asserting that she diligently reviewed the record and that, in her opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), and (P) and that termination was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of E.Z.G.'s father were also terminated, but he has not appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served a copy of the brief and the appellate record on Appellant. By letter, we informed Appellant of her right to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant has not filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably

support an appeal.[3]  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's order of termination.  We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.


MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed October 20, 2021
[CV06]



---

[3] Appellant's counsel reviewed the sufficiency of the evidence supporting the trial court's findings under subsections 161.001(b)(1)(D) and (E) and determined that it would be frivolous to attack the findings.  We conclude that the evidence is sufficient to establish that Appellant violated subsection 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam).  The evidence here showed that Appellant tested positive for methamphetamine during her pregnancy with E.Z.G.  When E.Z.G. was then born, both his meconium and urine tested positive for methamphetamine and amphetamine, and at that time, Appellant also admitted her drug use to an investigator with the Department of Family and Protective Services.  The evidence showed that a monitored return was then later ordered during this case but that the monitored return failed because Appellant and E.Z.G.'s father both relapsed and again used methamphetamines.