

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00317-CV

## IN THE INTEREST OF T.M., A CHILD

**From the County Court at Law
Hill County, Texas
Trial Court No. CV650-18CCL**

## MEMORANDUM OPINION

After Appellant's parental rights to her child, T.M., were terminated following a bench trial,[1] Appellant's appointed trial counsel filed a notice of appeal.[2] Appellant's appointed appellate counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(D), (E), (N), and (O) and that termination was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b).

[2] The parental rights of T.M.'s father were also terminated, but he has not appealed.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served a copy of the brief and the appellate record on Appellant. By letter, we informed Appellant of her right to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant has not filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably

support an appeal.[3] *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's order of termination. We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.

MATT JOHNSON
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith

---

[3] Appellant's counsel reviewed the sufficiency of the evidence supporting the trial court's finding under Family Code subsection 161.001(b)(1)(E) and determined that it would be frivolous to attack the finding. We conclude that the evidence is sufficient to establish that Appellant violated subsection 161.001(b)(1)(E). *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam). The evidence here showed that at the time of the trial regarding her parental rights to T.M., Appellant was in the Hunt County Jail. Appellant testified that she had been arrested for possession of methamphetamine, had pleaded guilty, and was awaiting transfer to a substance abuse felony punishment facility (SAFPF). The evidence also showed that there had been domestic violence between Appellant and her husband, T.M.'s stepfather. A Department conservatorship caseworker testified that T.M. had said that she had personally witnessed instances of domestic violence between Appellant and Appellant's husband and that Appellant's husband had also threatened her. The caseworker stated that T.M. was "terrified" of Appellant's husband. Appellant testified, however, that despite having every intention of leaving her husband, she could not.

Affirmed
Opinion delivered and filed May 4, 2022
[CV06]

