

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00068-CV

## IN THE INTEREST OF G.P., A CHILD

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2014-4864-3**

## O P I N I O N

Stephanie W. and Morris P. appeal from a judgment that terminated the parent-child relationship between them and their child, G.P.  *See* TEX. FAM. CODE ANN. § 161.001 (West 2014).  In four issues, Stephanie complains that the evidence was legally and factually insufficient for the trial court to have found that she committed the four predicate grounds contained in the judgment but she does not complain of the trial court's best interest finding.  *See* TEX. FAM. CODE ANN. § 161.001(b)(2)(D), (E), (N), and (O). Because we find that the evidence was legally and factually sufficient for the trial court

to have found that Stephanie constructively abandoned G.P. pursuant to Section 161.001(b)(2)(N), we affirm the judgment of the trial court relating to Stephanie.

Morris's counsel has filed a brief pursuant to *Anders v. California* asserting that his review of the record found no arguable issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.2d 493 (1967). We agree with trial counsel's assertions and affirm the judgment of termination relating to Morris.

*Stephanie*

In her fourth issue, Stephanie complains that the evidence was legally and factually insufficient for the trial court to have found by clear and convincing evidence that she had constructively abandoned G.P. TEX. FAM. CODE ANN. § 161.001(b)(1)(N). Constructive abandonment under subsection 161.001(b)(1)(N) has four elements: (1) the Department had permanent or temporary conservatorship of the child for at least six months; (2) the Department made reasonable efforts to return the child to the parent; (3) the parent did not regularly visit or maintain significant contact with the child; and (4) the parent demonstrated an inability to provide the child with a safe environment. *See id.* § 161.001(b)(1)(N). Stephanie specifically complains that the Department failed to provide any evidence or that the evidence was factually insufficient regarding elements two and four.

Under the second element, "[r]eturning the child to the parent, per section 161.001(1)(N)(i), does not necessarily mean that the child has to be physically delivered"

to the individual. *In re D.S.A.*, 113 S.W.3d 567, 573 (Tex. App.—Amarillo 2003, no pet.). In fact, courts have previously held that this element can be satisfied by preparing and administering a service plan. *See In re K.M.B.*, 91 S.W.3d 18, 25 (Tex. App.—Fort Worth 2002, no pet.). The trial court heard evidence of the Department preparing and administering Stephanie's service plan, which indicates that reunification with G.P. would be possible if Stephanie complied with the family service plan. The caseworker testified that Stephanie failed to complete any of the tasks or goals set forth in her service plan, including failing to keep in contact with the caseworker or to visit with G.P. other than a few visits early in the proceeding. The services included in the family service plan were reinstated when Stephanie contacted the caseworker about working on her service plan during the pendency of the case after the service providers had terminated Stephanie due to her failure to participate. Therefore, a reasonable factfinder could have formed a firm conviction that the Department made reasonable efforts to return G.P. to Stephanie. *See In re K.M.B.*, 91 S.W.3d at 25.

Stephanie also argues that the Department failed to prove element four. Stephanie claims that the record does not establish that she demonstrated an inability to provide the child with a safe environment. There are several factors to indicate a parent's willingness and ability to provide the child with a safe environment:

> the child's age and physical and mental vulnerabilities; the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision; the willingness and ability of the child's family to effect

positive environmental and personal changes within a reasonable period of time; and whether the child's family demonstrates adequate parenting skills, including providing the child with minimally adequate health and nutritional care, a safe physical home environment, and an understanding of the child's needs and capabilities.

*In Interest of M.R.J.M.*, 280 S.W.3d 494, 506 (Tex. App.—Fort Worth 2009, no pet.). The trial court heard evidence that Stephanie did not complete any of the services on her family service plan, including drug testing which was necessary in order for her to have visits with G.P. Stephanie did not make her child support payments or any other contributions to G.P.'s care. By not providing the Department with any information about her living or employment circumstances, failing to make child support payments, failing to seek out and accept counseling services, refusing to take required drug tests, and failing to even maintain contact with G.P., the trial court could have reasonably concluded that Stephanie failed to provide G.P. with a safe environment. *See id*. Therefore, the trial court could have formed a firm belief that Stephanie constructively abandoned G.P., and the disputed evidence is not so significant that a reasonable fact-finder could not form a firm belief of this finding. *See In re J.O.A.*, 283 S.W.3d at 344. We overrule issue four. Because a finding of only one ground for termination alleged under Section 161.001(b)(1) is sufficient to support a judgment of termination, it is not necessary to address Stephanie's issues regarding the other three predicate grounds contained in the judgment of termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). We overrule issues one, two, and three.

*Morris*

Morris's court-appointed appellate attorney has filed what is substantively an *Anders* brief, stating that after diligently reviewing the record, he believes that an appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to parental termination appeals). The brief itself meets the requirements of *Anders* by presenting a professional evaluation of the record, including a review of the court's jurisdiction and the grounds contained in the judgment of termination, and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, Morris's attorney advised Morris that he had filed the brief pursuant to *Anders*, that Morris had the right to review the record and file a *pro se* response on his own behalf, and provided Morris with a copy of the record. Although given the opportunity, Morris did not file a response with this Court.

We note that Morris's appellate attorney did not file a motion to withdraw as has historically been required in order to comply with the procedures set forth in *Anders*. However, recent decisions by the Texas Supreme Court have indicated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Family Code. *In the Interest of P.M.*, No. 15-0171, 2016 Tex. LEXIS 236, 2016 WL 1274748, at *3-4 (Tex. Apr. 1, 2016) ("[A]n *Anders* motion to withdraw

brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature.").

The procedures set forth in *Anders* were created in criminal cases so that court appointed appellate counsel could comply with their ethical obligation and avoid the filing of a brief with issues that had no arguable merit. *See Anders*, 386 U.S. at 744-45. This is because "[n]either paid nor appointed counsel may deliberately mislead the court with respect to either the facts or the law, or consume the time and the energies of the court or the opposing party by advancing frivolous arguments. An attorney, whether appointed or paid, is therefore under an ethical obligation to refuse to prosecute a frivolous appeal." *McCoy v. Court of Appeals of Wisconsin, District I*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

When a challenge was raised to the requirement of the filing of a motion to withdraw in a criminal proceeding pursuant to *Anders*, the Court of Criminal Appeals held that a motion to withdraw is necessary when filing an *Anders* brief, and the purpose of the *Anders* brief is merely to support the motion to withdraw, in order to demonstrate that counsel had fulfilled his or her obligations in representing their client. *In re Shulman*, 252 S.W.3d 403, 407-08 (Tex. Crim. App. 2008). However, it was recognized that the procedures set forth in *Anders* and its progeny are "one judicially created, prophylactic means that the United States Supreme Court suggested to safeguard a defendant's constitutional right to appellate counsel," and that other procedures may be permissible

as long as they meet federal constitutional requirements. *Id*. at 408 (*citing Smith v. Robbins*, 528 U.S. 259, 276, 120 S. Ct. 746, 145 L. Ed. 756 (2000)).

Proceedings involving the termination of parental rights are governed by the Family Code, which provides different and additional statutory obligations regarding appointed counsel on appeal. *See* TEX. FAM. CODE ANN. § 107.016(2). In those cases, an attorney appointed to represent a parent continues in that capacity until the earliest of the following: the case has been dismissed, all appeals relating to a final termination order have been exhausted or waived, or counsel has been relieved or replaced after a finding of good cause by the court on the record. *Id*. The Texas Supreme Court has determined that this right to appointed counsel in suits seeking the termination of parental rights extends to "all proceedings in [the Texas Supreme Court], including the filing of a petition for review" and this obligation is no different in *Anders* proceedings. *See In re P.M.*, 2016 Tex. LEXIS 236, [WL] at *3. Therefore, Morris's appellate counsel's obligation cannot be discharged by our affirmance of the trial court's judgment. *See id*. If Morris, after consulting with counsel, desires to file a petition for review, Morris's appellate counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *Id*.[1]

---

[1] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

Because appellate counsel's duty extends beyond this Court's decision, we will not require the filing of a motion to withdraw to be filed contemporaneously with the *Anders* brief in termination of parental rights proceedings unless counsel believes good cause exists for the withdrawal for reasons other than the filing of the *Anders* brief. It seems to be a waste of resources, both of appellate counsel and the judiciary, to require the filing of a motion that will be denied automatically upon an appellate court's finding of the existence of no arguable issues, and we will not require counsel to pursue a useless act. We will, however, still require that appellate counsel comply with the other requirements of *Anders*, including the filing of a brief that demonstrates a thorough review of the record and discussion of any potential issues and the required notices to the client.

*Anders review*

Upon the filing of the *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal in this case is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). Having carefully reviewed the record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's judgment as to Morris.

*Conclusion*

We affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed September 28, 2016
[CV06]

