

# IN THE
# TENTH COURT OF APPEALS

## No. 10-18-00066-CV

## IN THE INTEREST OF J.W. AND C.W., CHILDREN

**From the 74th District Court
McLennan County, Texas
Trial Court No. 2016-1804-3**

## MEMORANDUM  OPINION

Reuben W. and Karen W. appeal from a judgment that terminated the parent-child relationship between them and their children J.W. and C.W.  In presenting this appeal, counsel for Reuben and counsel for Karen have each filed a brief pursuant to *Anders v. California* asserting that they have each conducted a review of the record and found no arguable issues to raise on appeal.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  We affirm.

Both of the briefs filed meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  Additionally, Reuben's attorney advised him that he

had filed the brief pursuant to *Anders*, that Reuben had the right to review the record and file a pro se response on his own behalf, and provided Reuben with a copy of the record. Although given the opportunity, Reuben did not file a response with this Court. Karen's attorney also advised her that he had filed the brief pursuant to *Anders*, that she had the right to review the record and file a pro se response on her own behalf, and provided Karen with a copy of the record. Karen did not file a response with this Court.

The order of termination recites that Reuben and Karen:

knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered the physical or emotional well-being of the children pursuant to § 161.001 (1) (D), Texas Family Code;

engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangered the physical or emotional well-being of the children, pursuant to § 161.001 (1) (E), Texas Family Code;

failed to comply with the provisions of a court order that specifically established the actions necessary for the [parent] to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the children's removal from the parent under Chapter 262 for the abuse and neglect of the children, pursuant to § 161.001 (1) (O), Texas Family Code;

TEX. FAM. CODE ANN. § 161.001(1)(D), (E), and (O) (West 2014).

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel

further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the children. Counsels' briefs evidence a professional evaluation of the record for error, and we conclude that both counsel performed the duties required of an appointed counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2012); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsels' evaluations that there is clear and convincing evidence to support termination for both Reuben and Karen.

Notwithstanding the sufficiency of the evidence to support termination under section 161.001(1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001(2). Evidence that proves one or more statutory grounds for termination may

also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsels' evaluations that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the parent-child relationship was in the best interest of J.W. and C.W.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record and counsels' briefs, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

We deny each counsel's motion to withdraw in accordance with *In re G.P.*, 503 S.W.3d 531, 534-36 (Tex. App.—Waco 2016, pet. denied). If Reuben or Karen, after consulting with counsel, desires to file a petition for review, counsel is still under a duty

to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[1] *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

AL SCOGGINS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed; Motion denied
Opinion delivered and filed May 30, 2018
[CV06]



---

[1] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.