

IN THE
TENTH COURT OF APPEALS

No. 10-21-00217-CV

IN THE INTEREST OF E.J.G., Z.M.E.G., AND M.B.G., CHILDREN

From the County Court at Law
Navarro County, Texas
Trial Court No. D18-27516-CV

MEMORANDUM  OPINION

Joshua G. appeals from a judgment that terminated the parent-child relationship between him and his children, E.J.G., Z.M.E.G., and M.B.G. *See, generally,* TEX. FAM. CODE ANN. § 161.001. Joshua's appointed counsel has filed a motion to withdraw and an *Anders* brief asserting that the appeal presents no issue of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The procedures set forth in *Anders v. California* are generally applicable to appeals of judgments that terminate parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised Joshua that counsel had filed the brief pursuant to *Anders* and that Joshua had the right to review the record and file a pro se response on his own behalf. Joshua has also been provided

with a copy of the record in this proceeding. Joshua did file a response with this Court, with a list of potential issues.

Counsel included a recitation of the procedural history and relevant facts in the *Anders* brief and asserted that she had reviewed the record for any potentially meritorious issues and determined there are no non-frivolous issues to raise in this appeal. Counsel's brief discusses the limited nature of the appealable issues due to the judgment being granted based on a mediated settlement agreement and a voluntary affidavit of relinquishment. Counsel's brief includes a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812-813 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, as well as the numerous issues raised in Joshua's response and the Department's reply within the somewhat limited range of permissible issues in appeals of terminations of parental rights based on affidavits of relinquishment and mediated settlement agreements, we

have determined that the appeal is frivolous. Accordingly, we affirm the trial court's judgment.

Counsel has filed a motion to withdraw as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In the Interest of P.M.*, No. 15-0171, 520 S.W.3d 24, 27-28 (Tex. 2016) ("[A]n Anders motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside of the filing of the Anders brief in her motion to withdraw. We will deny the motion to withdraw in this proceeding. Consequently, if Joshua desires to file a petition for review, his appellate counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d at 27.

**CONCLUSION**

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court. We deny counsel's motion to withdraw.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed; Motion to withdraw denied
Opinion delivered and filed February 25, 2022
[CV06]

