

IN THE
TENTH COURT OF APPEALS

No. 10-21-00359-CV

IN THE INTEREST OF J.S. AND M.J.W., CHILDREN

From the 77th District Court
Limestone County, Texas
Trial Court No. CPS-366-A

## MEMORANDUM  OPINION

Appellant's parental rights to her child, M.J.W., were terminated following a

bench trial.[1]  Appellant's parental rights to her child, J.S., were not terminated.[2]  The trial

court appointed J.S.'s maternal grandmother as J.S.'s sole permanent managing

conservator and ordered that Appellant have limited supervised visitation with J.S.[3]  The

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsection 161.001(b)(1)(O) and that termination was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b).  The trial court found that termination of the parent-child relationship between M.J.W. and her father was not in M.J.W.'s best interest, however; therefore, the parental rights of M.J.W.'s father were not terminated.  The trial court appointed M.J.W.'s paternal grandmother as M.J.W.'s sole permanent managing conservator and appointed M.J.W.'s father as possessory conservator.

[2] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsection 161.001(b)(1)(O) but that termination was not in the child's best interest.  *See id.*

[3] Likewise, the parental rights of J.S.'s father were not terminated, and the trial court ordered that he have limited supervised visitation with J.S.

trial court's final order stated that Appellant was not appointed possessory conservator of J.S., however, because such appointment would not be in the child's best interest and because the appointment would significantly impair the child's physical health or emotional development.[4] Appellant's appointed trial counsel filed a notice of appeal.[5] Appellant's appointed appellate counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's "Final Order of Termination and Order in Suit Affecting the Parent Child Relationship." Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served a copy of the brief and the appellate record on Appellant. By letter, we informed Appellant of her right

---

[4] The trial court's final order also stated that J.S.'s father was not appointed possessory conservator of J.S. because such appointment would not be in the child's best interest and because the appointment would significantly impair the child's physical health or emotional development.

[5] Neither J.S.'s father nor M.J.W.'s father has appealed.

to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant has not filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's "Final Order of Termination and Order in Suit Affecting the Parent Child Relationship." We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* Tex. Fam. Code Ann. § 107.016.

MATT JOHNSON
Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed June 1, 2022
[CV06]

