

**IN THE
TENTH COURT OF APPEALS**

No. 10-22-00060-CV

**IN THE INTEREST OF
Y.O., AND D.R.P.,
CHILDREN**

**From the 272nd District Court
Brazos County, Texas
Trial Court No. 20-002414-CV-272**

## MEMORANDUM OPINION

Appellant, the mother of Y.O. and D.R.P. (Mother), appeals the trial court's order terminating her parental rights. We will affirm.

After a bench trial, the parental rights of Mother to Y.O. and D.R.P. and the parental rights of the father of D.R.P. (Father) were terminated. Father has not appealed the trial court's ruling.

Appellant's appointed appellate counsel has now filed an *Anders* brief, asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has discussed why, under controlling authority, there is no reversible error in the trial court's "Order of Termination and Final Order in Suit Affecting Parent-Child Relationship." Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served a copy of the brief and instructions on requesting the appellate record on Appellant. By letter, we informed Appellant of her right to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant has not filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would

arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's "Order of Termination and Final Order in Suit Affecting Parent-Child Relationship."

Counsel has filed a Motion to Withdraw and an Amended Motion to Withdraw, which were historically required in order to comply with the requirements set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (*per curiam*) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal may be premature."); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016. Counsel does not set forth any "good cause" outside the filing of the amended *Anders* briefs in his amended motion to withdraw. We will deny the amended motion to withdraw in this proceeding. Consequently, if Appellant desires to file a petition for review, her appellate counsel remains appointed in this case through any proceedings in the supreme court unless otherwise relieved of those duties. *See In re P.M.*, 520 S.W.3d at 27.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Motion denied
Opinion delivered and filed June 15, 2022
[CV06]

