

IN THE
TENTH COURT OF APPEALS

No. 10-22-00149-CV

IN THE INTEREST OF A.S., A CHILD

From the 361st District Court
Brazos County, Texas
Trial Court No. 21-001082-CV-361

OPINION

Ashley appeals from a judgment that terminated her parental rights to her child,

A.S. *See* TEX. FAM. CODE ANN. §161.001. Ashley's appointed counsel has filed a brief

pursuant to *Anders v. California* asserting that Ashley's appeal presents no issues of

arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

We agree with counsel's assertion that Ashley's appeal is frivolous and affirm the

judgment of the trial court.

The procedures set forth in *Anders* are applicable to appeals of orders terminating

parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Generally,

in order to comply with the requirements of *Anders*, appointed counsel is required to

comply with certain educational requirements along with the filing of the *Anders* brief, which includes advising the appellant that counsel filed the brief pursuant to *Anders*, that the appellant has the right to review the record and file a *pro se* response on his or her own behalf, and that the appellant has the right to have counsel file a petition for review on the appellant's behalf in the Texas Supreme Court.

The *Anders* brief filed in this proceeding was returned to the attorney undeliverable and with no forwarding address. Because she was unable to locate or otherwise communicate with Ashley, counsel for Ashley was unable to comply with the educational requirements of *Anders* or to notify Ashley that the *Anders* brief had been filed.

Upon the suggestion that counsel was unable to locate or communicate with Ashley to inform her of the filing of the *Anders* brief, this Court required counsel to file an affidavit describing in detail counsel's efforts to locate her client, Ashley. Counsel for Ashley has filed an affidavit with this Court which describes her efforts to locate and communicate with her client. When an *Anders* brief is filed, we find that minimum due process may be satisfied if the attorney files an affidavit with the brief that sets forth counsel's efforts to locate the client.[1] We find that the affidavit filed by counsel for Ashley

---

[1] We have found no case or statutory authority regarding what efforts are required to locate an absent parent in civil proceedings such as this where the parent expresses a desire to appeal the judgment terminating their parental rights but then moves or is unable to be located, and an attorney files an *Anders* brief but is unable to inform the missing parent of the filing of the *Anders* brief. While not statutorily applicable to this proceeding, we note that the duties of an attorney appointed to represent an unknown or missing parent or alleged father are set forth in Sections 107.0132 and 107.014 of the Family Code. These

was adequate to meet minimum due process requirements for informing Ashley of the filing of the *Anders* brief and fulfilling her educational burdens before this Court affirms the termination of Ashley's parental rights. Ashley has not filed a response or had any communication with this Court.

Counsel included a recitation of the facts in the *Anders* brief and asserted that counsel reviewed the record for any potentially meritorious issues and determined there is no non-frivolous issue to raise in this appeal. Counsel's brief discusses the sufficiency of the evidence relating to all three grounds on which the termination was granted, including Family Code Section 161.001(b)(1)(D) and (E), as well as the best interest of the children. Counsel's brief evidences a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of the *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See In the Interest of G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L.

---

statutes describe the requirements for counsel to follow when unable to locate their clients. Such procedures would be an appropriate guide in appeals of terminations of parental rights where contact with a client has been lost and an *Anders* brief is filed. *See* TEX. FAM. CODE ANN. §§107.0132, 107.014.

Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's order of termination. Appointed counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See In the Interest of P.M.*, 520 S.W.3d 24, 27 (Tex. 2016).

CONCLUSION

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Wright[2]
Affirmed
Opinion delivered and filed August 17, 2022
[CV06]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.