

IN THE
TENTH COURT OF APPEALS

———————

No. 10-22-00380-CV

IN THE INTEREST OF C.L.W. AND B.M.W., CHILDREN

———————

From the County Court at Law
Bosque County, Texas
Trial Court No. CV21-309

## MEMORANDUM  OPINION

The father of C.L.W. and B.M.W. appealed from a judgment that terminated the parent-child relationship between him and his children. *See, generally,* TEX. FAM. CODE ANN. § 161.001. The father's appointed counsel has filed an *Anders* brief asserting that the appeal presents no issue of arguable merit and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The procedures set forth in *Anders v. California* are generally applicable to appeals of judgments that terminate parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised the father that counsel had filed the brief pursuant to *Anders* and that the father had the right to review the record and file a *pro se* response on his own behalf. Counsel also stated that she provided the father with the clerk's and reporter's records in

this proceeding.  The father did not file a *pro se* response with this Court.

Counsel included a recitation of the procedural history and relevant facts in the *Anders* brief and asserted that she had reviewed the record for any potentially meritorious issues, including jurisdictional issues, and determined there are no non-frivolous issues to raise in this appeal.  Counsel's brief discusses the sufficiency of the evidence as to each of the predicate acts upon which the termination was granted, including Section 161.001(b)(1)(E), as well as best interest.  Counsel's brief includes a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous.  *See In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied).  Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that the appeal is frivolous.  Accordingly, we affirm the trial court's judgment.

Counsel has filed a motion to withdraw as was historically required to comply with the procedures set forth in *Anders* and its Texas progeny.  However, in 2016, the Texas Supreme Court stated that the lack of an arguable issue and the subsequent filing

of a motion to withdraw and an *Anders* brief in support is not considered to be "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In re P.M.*, No. 15-0171, 520 S.W.3d 24, 27-28 (Tex. 2016). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in her motion to withdraw. We will deny the motion to withdraw in this proceeding. Consequently, if the father desires to file a petition for review, his appellate counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d at 27.

**CONCLUSION**

Having found no meritorious issues presented in this appeal, we affirm the judgment of the trial court. We deny counsel's motion to withdraw.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed; Motion to withdraw denied
Opinion delivered and filed April 5, 2023
[CV06]

