

# IN THE
# TENTH COURT OF APPEALS

―――――――――

## No. 10-23-00028-CV

―――――――――

## IN THE INTEREST OF J.G., A CHILD

―――――――――

**From the 361st District Court
Brazos County, Texas
Trial Court No. 21-003101-CV-361**

―――――――――

## MEMORANDUM OPINION

―――――――――

Mother appeals from a final order terminating her rights to one child. Mother's attorney has now filed a motion to withdraw and an *Anders* brief asserting that he diligently reviewed the record and that, in his opinion, the appeal is frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.―Waco 2002, order) (applying *Anders* to termination appeal).

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent

legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Mother's attorney has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that he has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served Mother with a copy of the brief and instructions on how to obtain the record. By letter, we informed Mother of her right to review the record and to file a response to the *Anders* brief, but she has not done so. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Specifically, counsel's brief explains—and our review of the record confirms—that the final order of termination includes terms consistent with those in a Rule 11 agreement that Mother entered into knowingly and

voluntarily. There is accordingly no basis for appeal. *See, e.g., In re P.H.*, No. 05-16-00961-CV, 2017 WL 462355, at *1 (Tex. App.—Dallas Feb. 2, 2017, no pet.) (mem. op.) (affirming, in context of *Anders* brief, final conservatorship order where trial court "found it was in the best interest of the children to follow the Rule 11 agreement").

For the foregoing reasons, we affirm the trial court's order of termination. We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam); *see also* TEX. FAM. CODE ANN. § 107.016; *In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied). We therefore deny counsel's motion to withdraw.


MATT JOHNSON
Justice


Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed May 24, 2023
[CV06]

