

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00366-CV

## IN THE INTEREST OF P.W.O., A CHILD

_____

**From the County Court at Law
Bosque County, Texas
Trial Court No. CV22-271**

## MEMORANDUM OPINION

The father of P.W.O. appealed a judgment of the trial court in a suit brought by the Department of Family and Protective Services. *See* TEX. FAM. CODE § 263.405. In its final order, the trial court did not terminate the father's parental rights, but appointed the paternal grandmother the permanent managing conservator of the child. The father and mother[1] were named possessory conservators. Father's court-appointed appellate attorney has filed a brief containing a professional evaluation of the record and alleging that there are no arguable grounds to be advanced on appeal. Counsel concluded that

---

[1] The mother did not appeal the trial court's judgment.

the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). *See In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (applying *Anders* to termination appeals); *In the Interest of Z.N.*, No. 10-17-00177-CV, 2017 Tex. App. LEXIS 8890 at \*2, 2017 WL 4182482 (Tex. App.—Waco Sep. 20, 2017, no pet.) (mem. op.) (applying *Anders* to final order in which trial court did not terminate mother's parental rights, but appointed maternal grandmother as children's managing conservator and children's parents as possessory conservators).

Counsel certified that a copy of her brief was delivered by email to the father,[2] that she had provided him a copy of the record, and advised him of his right to examine the record and to file a *pro se* brief on his own behalf. This Court also informed the father of his rights and ability to file a response with this Court. The father has not filed a response.

Counsel included a recitation of the facts in the *Anders* brief and asserted that counsel reviewed the record for any potentially meritorious issues and determined there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

---

[2] The record reflects that the father refused to provide his address to his counsel or the department. He did not appear for the final trial.

Upon the filing of the *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See In the Interest of G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we agree with counsel that the appeal is frivolous. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Accordingly, we affirm the trial court's order.

**CONCLUSION**

Having found no potentially meritorious issues presented in this appeal, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
 Justice Johnson, and
 Justice Smith
Affirmed
Opinion delivered and filed February 22, 2024
CV06

