

**IN THE**
**TENTH COURT OF APPEALS**

————————

**No. 10-24-00012-CV**

**IN THE INTEREST OF M.R.M., B.E.M., AND B.S.M., CHILDREN**

————————

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. CV174-23CCL**

## MEMORANDUM  OPINION

The father and mother of M.R.M., B.E.M., and B.S.M. each filed a notice of appeal of a judgment terminating their parental rights in this proceeding. *See, generally,* TEX. FAM. CODE § 161.001. On February 9, 2024, the father, D.M., filed a motion to dismiss the appeal stating that the parties had reached an agreement as to the father and that he no longer desires to continue with the appeal. *See* TEX. R. APP. P. 42.1(a)(1). We grant the motion to dismiss as to the appeal by the father, D.M.

The mother's appointed counsel has filed an *Anders* brief asserting that the appeal presents no issue of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The procedures set forth in *Anders v. California* are generally

applicable to appeals of judgments that terminate parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised the mother that counsel had filed the brief pursuant to *Anders* and that she had the right to file a *pro se* response with this Court. The mother was also advised of her right to review the record prior to filing a response. The mother did not file a *pro se* response with this Court.

Counsel included a recitation of the procedural history and relevant facts in the *Anders* brief and asserted that counsel had reviewed the record for any potentially meritorious issues, including jurisdictional issues, and determined there are no non-frivolous issues to raise in this appeal. Counsel's brief discusses the sufficiency of the evidence as to each of the predicate acts upon which the termination was granted, including Section 161.001(b)(1)(D) and (E), as well as best interest. Counsel's brief includes a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that the appeal is frivolous.  Accordingly, we affirm the trial court's judgment.

**CONCLUSION**

The appeal filed by the father is dismissed.  As to the mother, having found the appeal is frivolous, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice


Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Dismissed in part; Otherwise affirmed
Opinion delivered and filed June 13, 2024
[CV06]

