

IN THE
TENTH COURT OF APPEALS

———————

No. 10-24-00121-CV

IN THE INTEREST OF S.M., M.M., J.M., AND R.M., CHILDREN

———————

From the 361st District Court
Brazos County, Texas
Trial Court No. 23-001106-CV-361

MEMORANDUM OPINION

The mother's appointed counsel filed an *Anders* brief asserting that the appeal presents no issue of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). The procedures set forth in *Anders v. California* are generally applicable to appeals of judgments that terminate parental rights. *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order). Counsel advised the mother that counsel had filed the brief pursuant to *Anders* and that she had the right to file a *pro se* response with this Court. The mother was also advised of her right to review the record prior to filing a response. The mother did not file a *pro se* response with this Court.

Counsel included a recitation of the procedural history and relevant facts in the

*Anders* brief and asserted that counsel had reviewed the record for any potentially meritorious issues, including jurisdictional issues, and determined there are no non-frivolous issues to raise in this appeal. Counsel's brief discusses the sufficiency of the evidence as to each of the predicate acts upon which the termination was granted, including Sections 161.001(b)(1)(D) and (E), as well as best interest. Counsel's brief includes a professional evaluation of the record, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d 403, 406-408 (Tex. Crim. App. 2008).

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See In re G.P.*, 503 S.W.3d 531, 536 (Tex. App.—Waco 2016, pet. denied). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record and the *Anders* brief, we have determined that the appeal is frivolous. Accordingly, we affirm the trial court's judgment.

Counsel has filed a motion to withdraw as was historically required in order to comply with the procedures set forth in *Anders* and its Texas progeny. However, the Texas Supreme Court has stated that the lack of an arguable issue and the subsequent

filing of a motion to withdraw and an *Anders* brief in support may not be considered "good cause" for purposes of granting the *Anders* motion to withdraw pursuant to the Texas Family Code. *See In the Interest of P.M.*, No. 15-0171, 520 S.W.3d 24, 27-28 (Tex. 2016) ("[A]n *Anders* motion to withdraw brought in the court of appeals, in the absence of additional grounds for withdrawal, may be premature."). Counsel does not set forth any "good cause" outside of the filing of the *Anders* brief in his motion to withdraw. We will deny the motion to withdraw in this proceeding. Consequently, if the mother desires to file a petition for review, her appellate counsel remains appointed in this case through any proceedings in the Texas Supreme Court unless otherwise relieved of these duties. *See In re P.M.*, 520 S.W.3d at 27.

**CONCLUSION**

Having found the appeal is frivolous, we affirm the judgment of the trial court. We deny the motion to withdraw as counsel.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Johnson, and
  Justice Smith
Affirmed; Motion to withdraw denied
Opinion delivered and filed August 8, 2024
[CV06]

