# Court of Appeals
## Tenth Appellate District of Texas

10-25-00206-CV

In the Interest of M.G., Jr., a Child

On appeal from the
52nd District Court of Coryell County, Texas
Judge Cheryll Mabray, presiding
Trial Court Cause No. DC-23-55325

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

The mother of M.G. (Mother) filed a notice of appeal from the trial court's order terminating her parental rights to their children.[1] Counsel for Mother has now filed an *Anders* brief, asserting that they diligently reviewed the record and that, in their opinion, the appeal is frivolous. See *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Mother had violated Family Code subsection 161.001(b)(1)(O) and that termination was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1). The legislature recently removed Section O under 161.001(b)(1). *See* Act of May 28, 2025, 89th Leg., R.S., ch. 211, § 2, TEX. GEN. LAWS 573, 574–75 (current version at TEX. FAM. CODE ANN. § 161.001(b)(1)). The prior version of the statute controls cases filed before September 1, 2025, and therefore, applies to this case.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has further informed us that he has served appellant with a copy of his *Anders* brief, informed appellant of her right to review the appellate record and to file a pro se response, and provided appellant with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) ; *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. By letter, we also informed Mother of her right to review the record and to file a *pro se* response. She did not file a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988).

An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the trial court's order of termination.

If Mother, after consulting with her appointed appellate counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an Anders brief." *See id.*; *In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  December 4, 2025

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris
Affirmed
CV06

