

# IN THE
# TENTH COURT OF APPEALS

## No. 10-23-00125-CV

## IN THE INTEREST OF L.S.H., A CHILD

**From the 13th District Court
Navarro County, Texas
Trial Court No. D21-30042-CV**

## MEMORANDUM OPINION

Mother appeals from a final order terminating her parental rights to her child—

L.S.H. Counsel for Mother has filed an *Anders* brief asserting that she diligently reviewed

the record and that, in her opinion, the appeal is frivolous.[1] *See generally Anders v.*

*California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838,

---

[1] In the prayer section of her *Anders* brief, counsel for Mother indicated that contemporaneously with filing this brief, she would file a motion to withdraw. However, counsel did not file a separate motion to withdraw. This is the appropriate way to handle a frivolous appeal involving the termination of parental rights because counsel's representation of Mother continues after this appeal under section 107.016(2) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 107.016(2); *see also In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam); *In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied).

841 (Tex. App.—Waco 2002, order) (applying *Anders* to appeals from the termination of parental rights).

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points or error if counsel finds none, but it must provide record references to facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel for Mother has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served Mother with a copy of the brief and instructions on how to obtain the record. By letter, Mother's attorney informed Mother of her right to review the record and to file a response to the *Anders* brief, but she has not done so. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also In re Schulman*, 252 S.W.3d at 408-09.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988). An appeal is "wholly frivolous" or

"without merit" when it "lacks any basis in law or fact" *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S. Ct. 1985, 1902, 100 L. Ed. 2d 440 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

We therefore affirm the trial court's order of termination. We also remind Mother's appointed appellate counsel that if Mother, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standard for an *Anders* brief." *In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (per curiam); *see also* TEX. FAM. CODE ANN. § 107.016; *In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied).

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson,
    and Justice Smith
Affirmed
Opinion delivered and filed September 21, 2023
[CV06]

