

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00239-CV

## IN THE INTEREST OF I.E., A CHILD

**From the County Court at Law**
**Hill County, Texas**
**Trial Court No. CV210-23CCL**

## MEMORANDUM  OPINION

After Appellant's parental rights to her child, I.E., were terminated following a bench trial,[1] Appellant filed a notice of appeal.[2]  Appellant's counsel has now filed an *Anders* brief, asserting that she diligently reviewed the record and that, in her opinion, the appeal is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re E.L.Y.*, 69 S.W.3d 838, 841 (Tex. App.—Waco 2002, order) (per curiam) (applying *Anders* to termination appeal).

---

[1] The trial court found by clear and convincing evidence that Appellant had violated Family Code subsections 161.001(b)(1)(E), (N), and (O) and that termination was in the child's best interest.  *See* TEX. FAM. CODE ANN. § 161.001(b).  The trial court also made the findings necessary to terminate Appellant's parental rights under Family Code section 161.003.  *See id.* § 161.003.

[2] The parental rights of I.E..'s alleged and unknown fathers were also terminated, but they are not parties to this appeal.

Counsel's brief meets the requirements of *Anders*; it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's order of termination. Counsel has informed us that she has: (1) examined the record and found no arguable grounds to advance on appeal and (2) served a copy of the brief and the appellate record on Appellant. By letter, we informed Appellant of her right to review the record and to file a *pro se* response. *See Anders*, 386 U.S. at 744, 87 S.Ct. at 1400; *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *Stafford*, 813 S.W.2d at 510 n.3; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *see also Schulman*, 252 S.W.3d at 408–09. Appellant filed a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 349–50, 102 L.Ed.2d 300 (1988). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10, 108 S.Ct. 1895, 1902 n.10, 100 L.Ed.2d 440 (1988). We have reviewed the entire record, counsel's brief, and Appellant's *pro se* response and have found nothing

that would arguably support an appeal.[3]  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

Accordingly, we affirm the trial court's order of termination.  We also remind Appellant's appointed appellate counsel that if Appellant, after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."  *In re P.M.*, 520 S.W.3d 24, 27–28 (Tex. 2016) (per curiam); *see In re G.P.*, 503 S.W.3d 531, 535 (Tex. App.—Waco 2016, pet. denied); *see also* TEX. FAM. CODE ANN. § 107.016.

MATT JOHNSON
Chief Justice

---

[3] Appellant's counsel reviewed the sufficiency of the evidence supporting the trial court's finding under subsection 161.001(b)(1)(E) and determined that it would be frivolous to attack the finding.  We also conclude that the evidence is sufficient to establish that Appellant violated subsection 161.001(b)(1)(E).  *See In re N.G.*, 577 S.W.3d 230, 237 (Tex. 2019) (per curiam) (holding due process and due course of law requirements mandate appellate court detail its analysis if appellate court affirms termination on either subsection 161.001(b)(1)(D) or (E)).  Many factors can support an endangerment finding, including a parent's failure to complete a court-ordered service plan, missed visits with the child, and conduct that generally subjects a child to a life of instability and uncertainty.  *In re A.R.M.*, 593 S.W.3d 358, 371–72 (Tex. App.—Dallas 2018, pet. denied) (mem. op.).  The evidence here showed that Appellant has been hospitalized numerous times in her life for her mental health; she has been diagnosed with schizophrenia.  She has never been able to obtain housing on her own, and during the pendency of this case, she lived in a homeless shelter.  At one point during the pendency of this case, after being arrested for criminal trespassing, Appellant completed a psychological evaluation through MHMR as a condition of her bond.  Appellant then reported to her courtesy worker that she "was recommended medication management" but that she refused.  Additionally, Appellant did not complete her court-ordered service plan, and her visits with I.E. had to be suspended because of her mental state.

Before Chief Justice Johnson,
     Justice Smith, and
     Justice Rose[4]
Affirmed
Opinion delivered and filed January 16, 2025
[CV06]



---

[4] The Honorable Jeff Rose, Senior Chief Justice (Retired) of the Third Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.